UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL PRODUCT INTERNATIONAL, LTD., <br>                     Plaintiff, <br> vs. <br><br> LINENS HOLDING COMPANY, DBA LINENS 'N THINGS, <br> LINENS N THINGS, INC., LINENS'N THINGS CENTER, INC.,   LNT MERCHANDISING, INC, <br> SIMPLY STORAGE (VARIMPO USA  LTD), <br> VARIMPO PRODUCTS  INC. (Canada), <br> WILLIAM  NADEL, and <br> KENNETH RITANDO <br><br>                     Defendant(s) | Civil Action 07 CIV. 8164 SCR(GAY) <br><br> **ECF CASE** <br><br> **COMPLAINT** <br> **AND JURY DEMAND** |

Plaintiff, General Product International, Ltd, by its attorney David Aker, respectfully alleges, on information and belief, as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, for trade dress infringement under the Lanham Act, Title 15, United States Code and unfair competition under various provisions of New York law.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338, supplemental jurisdiction under 28 U.S.C. § 1367, and 28 U.S.C. § 1332 based on diversity in citizenship and an amount in controversy in excess of $75,000, excluding interest and attorneys' fees.  This Court has personal jurisdiction

1

under the New York State long arm statute, CPLR § 302(a), over each and every defendant at least as a result of each and every defendant's causing events to occur in New York State out of which the claims herein arose.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## PARTIES

4. Plaintiff, General Product International, Ltd, ("General Product") is a corporation formed under the laws of the State of New York with a principal place of business at 382 Route 59, Monsey, New York 10952, within this judicial district.

5. Plaintiff is informed and believes and, on the basis of such information and belief, alleges that defendant Linens Holding Company ("Linens Holding") is a corporation formed under the laws of the State of Delaware with a principal place of business at 6 Brighton Road, Clifton, New Jersey. Linens Holding conducts business in the State of New York and within this judicial district under the name LINENS 'N THINGS.

6. Defendant LINENS N THINGS, INC., is a corporation formed under the laws of the State of Delaware with a principal place of business at 6 Brighton Road, Clifton, New Jersey, and is an operating arm of defendant Linens Holding.

7. Defendant LINENS'N THINGS CENTER, INC. is a corporation formed under the laws of the State of California with a principal place of business at 6 Brighton Road, Clifton, New Jersey.

8.  Defendant LNT MERCHANDISING, INC. ("LNT") is a corporation formed under the laws of the State of Delaware with a principal place of business at 6 Brighton Road, Clifton, New Jersey.

9.  Defendant VARIMPO PRODUCTS INC. (Canada) ("VARIMPO") is a corporation formed under the laws of Ontario, Canada, having a principal place of business at 6320 Timberlea Blvd; Mississauga, Ontario; Canada, and through its United States distributor, defendant SIMPLY STORAGE (VARIMPO USA LTD), sells products to among others, defendants LINENS HOLDING and LINENS N THINGS, INC., such products are resold in large quantities within this judicial district.

10. Defendant SIMPLY STORAGE (VARIMPO USA LTD) (hereinafter "SIMPLY STORAGE") is a corporation organized and existing under the State of New Jersey, with a principal place of business in Long Valley, New Jersey.

11. Defendant William Nadel is an individual and is a buyer for at least one of defendants LINENS HOLDING, LINENS N THINGS, INC. or LNT, where he is regularly engaged at 6 Brighton Road, Clifton, New Jersey, in the placing of orders for goods to be sold by at least one of the above-referenced defendants.

12. Defendant Kenneth Ritando is an individual and is a salesman for at least one of defendants SIMPLY STORAGE or VARIMPO, and regularly conducts business from Washington Township, New Jersey.

## BASES FOR DEFENDANTS' LIABILITY

13. On December 13, 2005, the United States Patent and Trademark Office duly and legally issued to inventor Lawrence Peska, U.S. Patent No. 6,973,808 ("the '808 Patent"), entitled "Apparatus and Method for Washing of Items". A copy of the '808 Patent is attached as Exhibit A to this Complaint. A photograph of a Bra Washing Cube sold by Plaintiff's licensee, Innovative Home Creations Ltd ("Innovative Home"), and falling within the scope of one or more of the claims of the '808 Patent is attached as Exhibit B to this Complaint.

14. Plaintiff General Product is the owner by assignment from inventor Lawrence Peska of the '808 Patent, as duly noted on the records of the United States Patent and Trademark Office. Such records are attached as Exhibit C to this Complaint

15. Plaintiff, during the period of time commencing on or about September of 2002 and ending on or about July of 2007, sold via its licensee Innovative Home, Bra Washing Cubes to at least one of defendants LINENS HOLDING and LINENS N THINGS, INC. and LINENS'N THINGS CENTER, INC., via sales agreements with LNT.

16. At least one of defendants LINENS HOLDING, LINENS N THINGS, INC. or LINENS'N THINGS CENTER, INC. used a sample of the patented invention of the '808 Patent for purposes of having a vendor other than plaintiff simulate such patented invention, and sell it to at least one of defendants LINENS HOLDING, LINENS N THINGS, INC., LINENS'N THINGS CENTER, INC. or LNT.

17.   Defendants, VARIMPO, through its United States distributor SIMPLY STORAGE, have sold Bra Washing Bags to defendants LINENS HOLDING and LINENS N THINGS, INC., a significant portion of which have been resold by defendants LINENS HOLDING, and LINENS N THINGS, INC. within this judicial district.  A photograph of such Bra Washing Bag is attached as Exhibit D.

18.   Defendant William Nadel, as a buyer for at least one of defendants LINENS HOLDING, and LINENS N THINGS, INC., has induced infringement of the '808 Patent by causing at least one of defendants LINENS HOLDING, LINENS N THINGS, INC., LINENS'N THINGS CENTER, INC. or LNT to buy Bra Washing Bags from defendant, VARIMPO, directly or through its United States distributor SIMPLY STORAGE .

19.   Defendant William Nadel, with knowledge of the existence of plaintiff's '808 Patent, acting alone or in concert with others, supplied one of Plaintiff's patented Bra Washing Cubes to at least one of defendants VARIMPO, or SIMPLY STORAGE, with the intent that it be copied by defendants VARIMPO, or SIMPLY STORAGE, and sold, in large quantities, to at least one of defendants LINENS HOLDING, LINENS N THINGS, INC., LINENS'N THINGS CENTER, INC. or LNT for resale to the public.

20.   Defendant Kenneth Ritando, acting alone or in concert with others, accepted at least one of plaintiff's Bra Washing cubes from defendant William Nadel, with knowledge of the existence of plaintiff's '808 Patent, and with the intent of having copies made and sold in large quantities by at least one of VARIMPO, and SIMPLY

5

STORAGE, to at least one of defendants LINENS HOLDING, LINENS N THINGS, INC., LINENS'N THINGS CENTER, INC. and LNT for resale to the public.

21. The unique design and color scheme of white with pink borders of the Bra Washing Cube, which design and color scheme are not functional, and which plaintiff and its licensee spend considerable time and resources to promote, sold by plaintiff's licensee Innovation Home to major customers such as Victoria's Secret and at least one of defendants LINENS HOLDING, LINENS N THINGS, INC., LINENS'N THINGS CENTER, INC. or LNT for resale to the public, has acquired a secondary meaning as representing the products of licensee Innovative Home and its major customers.

22. The Bra Washing Bag of Exhibit D sold by at least one of defendants LINENS HOLDING, LINENS N THINGS, INC., LINENS'N THINGS CENTER, INC. or LNT for resale to the public and those supplied by defendant VARIMPO, directly or through its United States distributor SIMPLY STORAGE, embodies the same unique design and color scheme of white with pink borders as of the Bra Washing Cube sold by plaintiff's licensee Innovation Home to major customers such as Victoria's Secret.

23. The use of the Bra Washing Bag of Exhibit D sold by defendants LINENS HOLDING, and LINENS N THINGS, INC., and those supplied by defendant VARIMPO, directly or through its United States distributor SIMPLY STORAGE of the same unique design and color scheme of white with pink borders as of the Bra Washing Cube sold by plaintiff's licensee Innovation Home to major customers such as Victoria's Secret has or will lead to confusion or mistake in the minds of the public, with the Bra Washing cube sold by plaintiff's licensee Innovative Home, is a deception as to source,

origin, sponsorship or approval of the goods, through dilution of plaintiff's trade dress, and through depreciation of plaintiff's and its licensee's Innovative Home's valuable goodwill and business reputation symbolized by its unique trade dress.

24. Each and every defendant's unlawful use of plaintiff's trade dress is a consumer-oriented deceptive practice that is materially misleading and injurious to consumers, to plaintiff and to the public interest.

25. Each and every defendant's unlawful acts, unless restrained, are likely to continue diverting sales from plaintiff and causing irreparable harm. Plaintiff has no adequate remedy at law because injury to reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary awards alone.

26. Each and every defendant's unlawful acts alleged herein have been willful, deliberate, intentional, malicious, and in bad faith.

### FIRST CLAIM FOR RELIEF
**(Patent Infringement)**

27. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of Paragraph 1 through 26 as if set forth at length.

28. Upon information and belief, defendants LINENS HOLDING, LINENS N THINGS, INC., SIMPLY STORAGE, VARIMPO, have been and are infringing one or more claims of the '808 Patent by making, using, selling, or offering to sell, in the United States, without license or authorization, apparatuses for washing of items, including products sold under the names which embody, incorporate or otherwise practice the claimed invention of the '808 Patent.

7

29. As a direct and proximate result of infringement of the '808 Patent by defendants LINENS HOLDING, LINENS N THINGS, INC., SIMPLY STORAGE, VARIMPO, plaintiff has been damaged and continues to be damaged in its business and property including, but not limited to, the loss of revenues in an amount to be determined at trial.

30. Plaintiff has been and continues to be irreparably harmed by defendants' LINENS HOLDING, LINENS N THINGS, INC., SIMPLY STORAGE, VARIMPO, infringement of the '808 Patent. Defendants LINENS HOLDING, LINENS N THINGS, INC., SIMPLY STORAGE, VARIMPO, infringing activities will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
**(Infringement of Trade Dress)**

31. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 30 inclusive, and incorporate them herein by this reference.

32. As a complete and second ground for relief, the acts of each and every defendant constitute trade dress infringement in violation of 15 U.S.C. § 1125(a), thereby invoking and making available to plaintiff the remedies under the Trademark Act.

33. By the actions alleged above, each and every defendant has infringed and will continue to infringe plaintiff's trade dress rights in, and relating to plaintiff's Bra Washing Cube by producing and distributing copies thereof.

34. Plaintiff is entitled to an injunction restraining each and every defendant, their officers agents and employees and all persons acting in concert with them, from engaging in any further such acts in violation of the trade dress rights of plaintiff.

35. Plaintiff is further entitled to recover from each and every defendant the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by defendant as a result of defendant's acts of infringement alleged above. At the present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by plaintiff.

### **THIRD CLAIM FOR RELIEF**
**(Violation of New York Law)**

36. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 35 inclusive, and incorporates them herein by this reference.

37. As a complete and third ground for relief, each and every defendant's aforesaid acts constitute trade dress infringement in violation of the New York Arts and Cultural Affairs Law, § 33.09, thereby invoking and making available to plaintiff the remedies under that Act.

### **FOURTH CLAIM FOR RELIEF**
**(Violation of New York Law)**

38. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 37 inclusive, and incorporates them herein by this reference.

39. As a complete and forth ground for relief, each and every defendant's aforesaid acts as trade dress infringement constitute a violation of Section 349 of the New

York General Business Law, thereby invoking and making available to plaintiff the remedies under that Act.

### FIFTH CLAIM FOR RELIEF
(Violation of New York Law)

40. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 39 inclusive, and incorporates them herein by this reference.

41. As a complete and fifth ground for relief, each and every defendant's aforesaid acts as trade dress infringement constitute a violation of Section 360-1 of the New York General Business Law, thereby invoking and making available to plaintiff the remedies under that Act.

### SIXTH CLAIM FOR RELIEF
(Violation of New York Common Law)

42. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 41 inclusive, and incorporates them herein by this reference.

43. As a complete and sixth ground for relief, each and every defendant's aforesaid acts as trade dress infringement constitute a violation of New York common law, thereby invoking and making available to plaintiff common law remedies for same.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the Court to enter judgment against defendant, and each and every one of them, jointly and severally, as follows:

A. That this Court find the '808 Patent is valid and enforceable;

B. That this Court find that defendants have infringed the '808 Patent;

C. That this Court permanently enjoin and restrain defendants, their officers, subsidiaries, agents, servants, employees, attorneys, and parents, subsidiary and affiliate corporations or other business entities, and all other persons acting in concert with them, and their successors and assigns, from further infringement of the '808 Patent;

D. That this Court order an accounting be had for the damages to plaintiff arising out of defendants' infringing activities together with interest and costs, and that such damages be awarded to plaintiff;

E. That this Court find that defendants have willfully infringed the '808 Patent;

F. That this Court award to plaintiff treble damages for defendant's willful infringement of the patent rights;

G. That this Court find that defendants have infringed plaintiff's trade dress rights ;

H. That defendants, their directors and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be permanently enjoined from directly or indirectly infringing plaintiff's trade dress rights or continuing to make offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from plaintiff's bra washing cube or to participate or assist in any such activity;

I. That defendants, their directors and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be ordered to return to plaintiff any and all originals, copies, facsimiles, or duplicates of the Bra Washing Bag which are within their possession custody or control;

J. That judgment be entered for plaintiff and against defendants for plaintiff's actual damages according to proof and for any profits attributable to infringements of plaintiff's trade dress rights, in accordance with proof;

K. That judgment be entered for plaintiff against defendants for statutory damages based upon defendants' acts of infringement pursuant to the 15 U.S.C. § 1125(a);

L. That defendants be required to account for all gains, profits and advantages derived from their acts of infringement and for their other violations of law;

M.  That all gains, profits and advantages derived by defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of plaintiff;

N.  That this Court award to plaintiff's increased damages against defendants to punish defendants for their malicious and oppressive actions of willful and deliberate violation of plaintiff's rights;

O.  That this Court award to plaintiffs their costs and attorneys' fees;

P.  That this Court award plaintiffs such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff respectfully requests a trial by jury pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure of any and all issues triable of right by a jury.

DATED: September 18, 2007.

*David Aker* (signature)

_____
David Aker, SDNY Bar Code:  DA5506
Attorney at Law
23 Southern Road
Hartsdale, NY  10530
Tel:  (914) 674-1094
Fax:  (914) 674-1094
E-mail:  daveaker@optonline.net
Attorney for Plaintiff
General Product International Ltd