UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GENERAL PRODUCT INTERNATIONAL, LTD., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action 07 CIV. 8164 SCR |
| v. | ) | (GAY) |
| | ) | |
| LINENS HOLDING COMPANY, DBA | ) | **ECF CASE** |
| LINENS 'N THINGS, | ) | |
| LINENS N THINGS, INC., LINENS'N THINGS | ) | |
| CENTER INC., LNT MERCHANDISING, INC, | ) | |
| VARIMPO USA, DBA SIMPLY STORAGE | ) | |
| (improperly referenced as "SIMPLY STORAGE | ) | |
| (VARIMPO USA LTD)"), | ) | |
| VARIMPO PRODUCTS INC. (Canada) | ) | |
| WILLIAM NADEL, and | ) | |
| KENNETH ROTUNDO (improperly referenced | ) | |
| as "KENNETH RITANDO"), | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS VARIMPO USA, VARIMPO PRODUCTS, INC. AND KENNETH ROTUNDO TO AMENDED COMPLAINT OF GENERAL PRODUCT INTERNATIONAL, LTD.**

Varimpo USA, d/b/a Simply Storage (improperly referenced as "Simply Storage (Varimpo USA LTD)"),Varimpo Products Inc. (Canada) (collectively, "Varimpo"), and Kenneth Rotundo (improperly referenced as "Kenneth Ritando") (collectively, Varimpo and Kenneth Rotundo referred to herein "Defendants"), by and through their undersigned counsel, answer the Amended Complaint ("Complaint") of General Product International, Ltd. ("Plaintiff") as follows:

1.    Defendants admit the allegations in paragraph 1 of the Complaint that this a matter filed under Title 35 of the United States Code, the Lanham Act, Title 15 of the United States Code, and various provisions of New York law, but deny that Plaintiff is entitled to any of the relief sought herein.

2.    Admitted in part, denied in part.  Defendants admit that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 28 U.S.C. §§ 1338, and 28 U.S.C. §§ 1367.  Defendants deny the remaining allegations of Paragraph 2.

3.    Denied.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore Defendants deny the allegations in paragraph 4 of the Complaint.

5.    The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

6.    The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

7.    The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

8.    The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

9.      Defendants admit that Varimpo Products Inc. is a corporation formed under the laws of Ontario, Canada, having a principal place of business at 6320 Timberlea Blvd, Mississauga, Ontario, Canada.  Defendants deny that Varimpo Products Inc. or Varimpo USA sells products to Linens Holding and Linens N Things.  Defendants admit that Varimpo USA sells products to LNT Merchandising Company and deny the remaining allegations in paragraph 9 of the Complaint.

10.      Defendants deny that Simply Storage is a corporation organized under the State of New Jersey.  Varimpo USA, d/b/a Simply Storage is a corporation organized under the laws of the state of Delaware.  Varimpo USA's current registered business address is 2 Bristol Terrace, Long Valley, New Jersey, 07853.

11.      The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

12.      Defendants deny the allegations of paragraph 12 as they relate to Kenneth Ritando.  Defendants admit that Kenneth Rotundo is Vice President, Sales and Marketing for Varimpo USA, and regularly conducts business from Washington Township, New Jersey.

13.      Admitted in part, denied in part.  Defendants deny that the '808 patent was duly and legally issued.  Defendants admit that Exhibit A to the Complaint appears to be a copy of the '808 patent and state that the same speaks for itself as to its terms and contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore they are denied.

-3-

14.     Defendants admit that the United States Patent and Trademark Office online database indicates the '808 patent is assigned to General Product International, Ltd. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14, and therefore they are denied.

15.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

16.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

17.     Defendants deny that Varimpo Products Inc. or Varimpo USA sells bra washing bags to Linens Holding and Linens N Things.  Defendants admit that Varimpo USA sells bra washing bags to LNT Merchandising Company.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17, and therefore they are denied.

18.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

19.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

20.     Denied.

-4-

21.     The allegations of paragraph 21 constitute a legal conclusion to which no response is necessary.  To the extent a response is required, the allegations are denied.

22.     Denied.

23.     The allegations of paragraph 23 constitute a legal conclusion to which no response is necessary.  To the extent a response is required, the allegations are denied.

24.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

25.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

26.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

## FIRST CLAIM FOR RELIEF

27.     Defendants hereby incorporate paragraphs 1 through 26 of this Answer as if fully set forth herein.

28.     The allegations of this paragraph as they apply to Varimpo are denied. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations, and therefore they are denied.

29.     The allegations of this paragraph as they apply to Varimpo are denied. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations, and therefore they are denied.

-5-

30.     The allegations of this paragraph as they apply to Varimpo are denied. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations, and therefore they are denied.

## SECOND CLAIM FOR RELIEF

31.     Defendants hereby incorporate paragraphs 1 through 30 of this Answer as if fully set forth herein.

32.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

33.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

34.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

35.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

## THIRD CLAIM FOR RELIEF

36.     Defendants hereby incorporate paragraphs 1 through 35 of this Answer as if fully set forth herein.

37.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

-6-

## FOURTH CLAIM FOR RELIEF

38.     Defendants hereby incorporate paragraphs 1 through 37 of this Answer as if fully set forth herein.

39.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

## FIFTH CLAIM FOR RELIEF

40.     Defendants hereby incorporate Paragraphs 1 through 39 of this Answer as if fully set forth herein.

41.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

## SIXTH CLAIM FOR RELIEF

42.     Defendants hereby incorporate paragraphs 1 through 41 of this Answer as if fully set forth herein.

43.     The allegations of this paragraph as they apply to answering Defendants are denied.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations with respect to the remaining defendants, and therefore they are denied.

## SEVENTH CLAIM FOR RELIEF

44.     Defendants hereby incorporate paragraphs 1 through 43 of this Answer as if fully set forth herein.

#9356273 v1

45.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore Defendants deny the allegations of this paragraph.

47.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore Defendants deny the allegations of this paragraph.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore Defendants deny the allegations of this paragraph.

50.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

51.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

#9356273 v1

52.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

53.     The allegations of this paragraph are directed solely to defendants other than answering Defendants and, accordingly, no response is required.  To the extent an answer may be required, they are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     Plaintiff's First Claim for Relief is barred because Defendants have not infringed and are not infringing, either directly, jointly or indirectly by inducing infringement or contributing to the infringement of, any valid and enforceable claim of the '808 patent.

### Second Affirmative Defense

2.     Plaintiff's First Claim for Relief is barred, in whole or in part, because one or more claims of the '808 patent are invalid for failure to meet one or more of the conditions of patentability including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

3.     Plaintiff's claims for damages relating to its First Claim for Relief are limited or barred by Plaintiff's failure to allege compliance with (and failure to comply with) 35 U.S.C.§ 287.

### Fourth Affirmative Defense

4.     Plaintiff's First Claim for Relief is barred, in whole or in part, because of the doctrine of prosecution history estoppel.

#9356273 v1

**Fifth Affirmative Defense**

5.      Plaintiff is not entitled to a permanent injunction with regard to any of its Claims for Relief.

**Sixth Affirmative Defense**

6.      Plaintiff's Third Claim for Relief is barred because the New York Arts and Cultural Affairs Law,. § 33.09, does not provide for a private remedy.

**Seventh Affirmative Defense**

7.      Plaintiff's Second, Third, Fourth, Fifth and Sixth Claims for Relief are barred because Plaintiff's Bra Washing Cube has not attained secondary meaning in the mind of the consumer sufficient to demonstrate protectable trade dress under any law.

**Eighth Affirmative Defense**

8.      Plaintiff's Second, Third, Fourth, Fifth and Sixth Claims for Relief are barred because Plaintiff's Bra Washing Cube is not entitled to trade dress protection because the design is functional and incapable of protection under trademark or state law.

**Ninth Affirmative Defense**

9.      Plaintiff's Second, Third, Fourth, Fifth and Sixth Claims for Relief are barred because the design and color scheme of Plaintiff's Bra Washing Cube is substantially similar in design and color scheme to a large number of bra washing products available from a variety of sources.

**Tenth Affirmative Defense**

10.      Plaintiff's Second, Third, Fourth, Fifth and Sixth Claims for Relief are barred because Plaintiff has abandoned any trade dress protection it might have acquired.

### Eleventh Affirmative Defense

11.    Plaintiff's Second, Third, Fourth, Fifth and Sixth Claims for Relief are barred because Plaintiff's asserted customers of Defendants, which are defendants Linens Holding Company, Linens N Things, Inc., Linens'N Things Center, Inc., and LNT Merchandising, Inc., have not been confused and are not likely to be confused as to the source of Defendants' and Plaintiff's products.

### Twelfth Affirmative Defense

12.    Plaintiff's Second, Third, Fourth, Fifth and Sixth Claims for Relief are barred because Plaintiff's claimed trade dress is not inherently distinctive, lacks acquired distinctiveness, and does not serve to distinguish Plaintiff's products from those of others.

### Thirteenth Affirmative Defense

13.    The complaint fails to state a claim upon which relief can be granted.

### Fourteenth Affirmative Defense

14.    All of Plaintiff's claims are barred by the doctrine of waiver.

### COUNTERCLAIM

Defendants Varimpo USA and Varimpo Products Inc. (collectively, "Varimpo"), for their counterclaim against Plaintiff General Product International, Ltd., aver as follows:

#9356273 v1

**The Parties**

1.     Varimpo USA is a Delaware corporation with a principal place of business located at 2 Bristol Terrace, Long Valley, New Jersey 07853.

2.     Varimpo Products Inc. is a Canadian corporation with a principal place of business located at 5320 Timberlea Boulevard, Mississauga, Ontario L4W256.

3.     On information and belief, Plaintiff is a corporation formed under the laws of the State of New York with a principal place of business of 382 Route 59, Monsey, New York 10952.

**Jurisdiction and Venue**

4.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgment Act, § 2201, *et seq.*

5.     This Court has jurisdiction over Varimpo's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and supplemental jurisdiction under 28 U.S.C. § 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**COUNT I**
**False Marking Under 35 U.S.C. § 292**

7.     Varimpo incorporates by reference, as though expressly stated herein, the allegations set forth in paragraphs 1 through 6 of their Counterclaim.

8.     On information and belief, Plaintiff currently sells its Bra Washing Cube with a marking "Patent pending."

#9356273 v1

9.     The '808 patent does not include any claim that covers Plaintiff's Bra Washing Cube.  For example, claims 1-19 of the '808 patent require a "frame comprising a stiffener" that has "ends" which are "movable with respect to each other."  Claims 20-25 require that a stiffener that is "configured so that a first end of said stiffener moveably telescopes within a second end of said stiffener."  In contrast, the stiffener in Plaintiff's Bra Washing Cube consists of a single, solid ring having no movable ends or telescoping features.

10.     On information and belief, there is no issued or pending United States patent including claims that cover Plaintiff's Bra Washing Cube.

11.     On information and belief, Plaintiff has marked its Bra Washing Cube "Patent pending" with the intent of deceiving the public.

12.     Plaintiff's marking of its Bra Washing Cube product with "Patent pending" constitutes False Marking under 35 U.S.C. § 292.

13.     Varimpo requests a declaration that Plaintiff has marked its Bra Washing Product in violation of 35 U.S.C. § 292, and administration of appropriate fines under 35 U.S.C. § 292(b) against Plaintiff.

## COUNT II
### Abuse of Process

14.     Varimpo incorporates by reference, as though expressly stated herein, the allegations set forth in paragraphs 1 through 13 of its Counterclaim as if set forth herein.

15.     On information and belief, Linens N Things, Inc. or one of its affiliates purchased the Bra Washing Cube from Plaintiff until about June of 2007.  On information and belief, after June 2007, Linens N Things, Inc. began purchasing a competing product from Defendant Simply Storage.

#9356273 v1

16.     On information and belief, Plaintiff filed the Complaint solely as a retaliatory measure against Varimpo because Linens N Things, Inc. or an affiliate of Linens N Things, Inc. chose to purchase a bra washing product from Simply Storage rather than from Plaintiff.

17.     Plaintiff's action of filing the Complaint and/or asserting one or more Counts of the Complaint against Varimpo constitutes abuse of process under New York law.


## RESERVATION OF RIGHTS

18.     Defendants reserve the right to add additional defenses and make further claims as may be warranted by discovery.

**WHEREFORE,** Defendants request judgment in their favor and against Plaintiff as follows:

A.     Declaring that Defendants have not infringed by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '808 patent;

B.     Declaring that one or more claims of the '808 patent is invalid;

C.     Declaring that Plaintiff's Bra Washing Cube is not entitled to trade dress protection.

D.     Declaring that no confusion has occurred, and that no confusion is likely to occur.

E.     Declaring this to be an exceptional case and awarding to Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.      Declaring this to be an exceptional case and awarding to Defendants their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a)(3);

G.      Awarding to Defendants their damages and reasonable attorneys' fees pursuant to New York General Business Law § 360-m;

H.      Declaring that Plaintiff has falsely marked its Bra Washing Cube under 35 U.S.C. § 292 and fining Plaintiff up to $500 for each such offense;

I.      Dismissing the Complaint with prejudice; and

J.      Awarding to Defendants such other relief, legal or equitable, to which Defendants may be entitled, or any other relief that this Court deems just and proper.

Dated:  June 16, 2008

                                                        /s/ Thomas E. Zemaitis
                                                        Thomas E. Zemaitis (TZ 7168)
                                                        PEPPER HAMILTON LLP
Of Counsel:                                             3000 Two Logan Square
                                                        18th and Arch Streets
James M. Singer                                         Philadelphia, PA 19103
Anne M. Shyjan                                          Telephone: (215) 981-4361
PEPPER HAMILTON LLP                                     Fax: (215) 981-4750
One Mellon Center
500 Grant Street, 50th Floor                            Attorneys for Defendants Varimpo USA Ltd.
Pittsburgh, PA 15219                                    (d/b/a Simply Storage), Varimpo Products, Inc.
Telephone: (412) 454-5000                               and Kenneth Rotundo

-15-

## CERTIFICATE OF SERVICE

I certify that on this 16th day of June, 2008, a true and correct copy of the

foregoing ANSWER AND COUNTERCLAIM OF DEFENDANTS VARIMPO USA,

VARIMPO PRODUCTS, INC. AND KENNETH ROTUNDO TO AMENDED COMPLAINT

OF GENERAL PRODUCT INTERNATIONAL, LTD. was served via the Court's electronic

filing system upon the following:

David Aker, Esquire
23 Southern Road
Hartsdale, NY  10530


*/s/ Thomas E. Zemaitis*

#9356273 v1