UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL PRODUCT INTERNATIONAL, LTD.,                  Plaintiff,<br>           vs.<br><br>LINENS HOLDING COMPANY, DBA LINENS 'N THINGS,<br>LINENS N THINGS, INC., LINENS'N THINGS CENTER, INC.,   LNT MERCHANDISING, INC,<br>VARIMPO USA, DBA SIMPLY STORAGE (improperly referenced as<br>SIMPLY STORAGE (VARIMPO USA  LTD)),<br>VARIMPO PRODUCTS  INC. (Canada),<br>WILLIAM  NADEL, and   KENNETH ROTUNDO (improperly referenced as KENNETH RITANDO)                  Defendant(s) | Civil Action 07 CIV. 8164 SCR(GAY)<br><br>ECF CASE<br><br>**ANSWER TO COUNTECLAIMS AND JURY DEMAND** |

**ANSWER OF PLAINTIFF GENERAL PRODUCT INTERNATIONAL, LTD.  TO COUNTERCLAIMS OF DEFENDANTS VARIMPO USA, VARIMPO PRODUCTS, INC. AND KENNETH ROTUNDO**

Plaintiff, General Product International, Ltd, by its attorney David Aker, answers the counterclaims of Varimpo USA, d/b/a Simply Storage, Varimpo Products Inc. (Canada) and Kenneth Rotundo as follows:

**THE PARTIES**

1. Plaintiff admits that Varimpo USA is a Delaware corporation with a principal place of business located at 2 Bristol Terrace, Long Valley, New Jersey 07853.

2. Plaintiff admits that Varimpo Products Inc. is a Canadian corporation with a principal place of business located at 5320 Timberlea Boulevard, Mississauga, Ontario L4W256.

1

3. Plaintiff admits that Plaintiff is a corporation formed under the laws of the State of New York with a principal place of business of 382 Route 59, Monsey, New York 10952.

**JURISDICTION AND VENUE**

4. Plaintiff admits that Defendants' first counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgment Act, § 2201, *et seq.*, but denies that Defendant is entitled to any of the relief sought in its Counterclaims.

5. Admitted in part and denied in part. Plaintiff admits that this Court has jurisdiction over Varimpo's first counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, but denies that this Court has supplemental jurisdiction under 28 U.S.C. § 1367, because Defendants have not stated a cause of action for which relief can be granted.

6. Admitted in part and denied in part. Plaintiff admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, but denies that venue is proper under 28 U.S.C. § 1400.

**COUNT I**

7. Plaintiff incorporates by reference, as though expressly stated herein, the answers to the allegations set forth in paragraphs 1 through 6, in this Answer to Defendants' counterclaims.

8. Plaintiff admits that Plaintiff currently sells, via its licensee Innovative Home Creations Ltd., its Bra Washing Cube with a marking "Patent Pending."

9. Plaintiff denies that the '808 patent does not include any claim that covers Plaintiff's Bra Washing Cube.  Plaintiff admits that claims 1-19 of the '808 patent recite a "frame comprising a stiffener" that has "ends" which are "movable with respect to each other," but Plaintiff denies that such recitations are absolutely literally required.  Plaintiff admits that Claims 20-25 recite a stiffener that is "configured so that a first end of said stiffener moveably telescopes within a second end of said stiffener," but denies that such recitations are absolutely literally required. Plaintiff denies that the stiffener in Plaintiff's Bra Washing Cube consists of a single, solid ring having no movable ends or telescoping features, because there is a "stiffener" that has "ends" which are "movable with respect to each other" in Plaintiff's Bra Washing Cube.

10. Plaintiff denies that there is no issued or pending United States patent including claims that cover Plaintiff's Bra Washing Cube, as the '808 patent covers same.  The inventor caused to be filed United States patent application serial number 11/299,875, which initially had, and has been amended to add further claim covering Plaintiff's Bra Washing Cube.

11. Plaintiff denies that, Plaintiff has marked its Bra Washing Cube "Patent pending" with the intent of deceiving the public.

12. Plaintiff denies that, Plaintiff's marking of its Bra Washing Cube product with "Patent pending" constitutes False Marking under 35 U.S.C. § 292.

13. Plaintiff denies that Varimpo or any of the Defendants are entitled to a declaration that Plaintiff has marked its Bra Washing Product in violation of 35 U.S.C. § 292, and denies

3

that they are entitled to administration of appropriate fines under 35 U.S.C. § 292(b) against Plaintiff, because Plaintiff has not engaged in false marking, and requests that the Court finds that Plaintiff has not engaged in false marking.

**COUNT II**

14. Plaintiff incorporates by reference, as though expressly stated herein, the answers to the allegations set forth in paragraphs 1 through 13, in this Answer to Defendants' counterclaims.

15. Plaintiff admits that Linens N Things, Inc. or one of its affiliates purchased the Bra Washing Cube from Plaintiff until about June of 2007. Plaintiff admits that, after about June 2007, Linens N Things, Inc. or one of its affiliates began purchasing a competing product from Defendant Varimpo USA, DBA Simply Storage.

16. Plaintiff denies that Plaintiff filed the Complaint solely as a retaliatory measure against Varimpo because Linens N Things, Inc. or an affiliate of Linens N Things, Inc. chose to purchase a bra washing product from Defendant Varimpo USA, DBA Simply Storage rather than from Plaintiff. Plaintiff merely sought to enforce its intellectual property rights to the extent permitted by law.

17. Plaintiff denies that Plaintiff's action of filing the Complaint and/or asserting one or more Counts of the Complaint against Varimpo or any defendant constitutes abuse of process or malicious prosecution under New York law, because *inter alia*, the law of the State of New York requires that to be liable for abuse of process or malicious prosecution, Plaintiff must have

interfered with the person or property of the Defendants by some provisional remedy, and Plaintiff has done nothing of the sort.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Defendants' First Counterclaim is premature in that the issue of false marking would require the Court to interpret the claims in the '808 patent, compare them to Plaintiff's products, and find against Plaintiff.

### Second Affirmative Defense

2. Defendants' First Counterclaim is premature in that the issue of false marking would require the Court to interpret the claims in the United States patent application serial number 11/299,875, compare them to Plaintiff's products, and find against Plaintiff.

### Third Affirmative Defense

3. Defendants' First Counterclaim does not state a cause of action upon which relief can be granted because United States patent application serial number 11/299,875 discloses Plaintiff's Bra Washing Cube, and the claims have been, and may continue to be amended in the United States Patent and Trademark Office, and the eventual scope of the claims is uncertain. For this reason, it improper to assert false marking based on marking "Patent pending" when the product clearly is the subject of a pending patent application, but the scope of the claims has not yet been determined with certainty.

### Fourth Affirmative Defense

4. Defendants' First Counterclaim and Defendants' Second Counterclaim each do not state causes of action upon which relief can be granted because they are in the nature of fraud, and Plaintiff has not pleaded with particularity the circumstances constituting fraud.

### Fifth Affirmative Defense

5. Defendants' second Counterclaim is barred, in whole, because Defendant has not stated a cause of action for which relief can be granted under the law of the State of New York.

### Sixth Affirmative Defense

6. Defendants' second Counterclaim is barred, in whole, because the law of the State of New York requires that to be liable for abuse of process or malicious prosecution, Plaintiff must have interfered with the person or property of the Defendants by some provisional remedy, and Plaintiff has done nothing of the sort.

### Seventh Affirmative Defense

**7**. Defendants' second Counterclaim is premature because the law of the State of New York requires that for a finding of malicious prosecution or abuse of process, the Court must have found against the party accused, and there has been no such finding against Plaintiff.

### Eighth Affirmative Defense

8. Defendants have failed to state a cause of action upon which relief can be granted, because Defendants have failed to allege that a disinterested malevolence constituted the sole motivation for the filing of Plaintiff's action against defendant.

**Ninth Affirmative Defense**

9. If the Court finds that the marking of Plaintiff's Bra Washing Cube with "patent pending" is in any way not accurate, such marking was done by mistake and inadvertence, and without any intent to deceive the public.

**RESERVATION OF RIGHTS**

10. Plaintiff reserve the right to add additional defenses and make further claims as may be warranted by discovery.

**WHEREFORE,** Plaintiff request judgment in its favor and against Defendants as follows:

A . Declaring that Plaintiff has not falsely marked its Bra Washing Cube under 35 U.S.C. § 292 and assessing no fines against Plaintiff.

B. Dismissing the Defendants' Counterclaims with prejudice; and

C. Awarding to Plaintiff such other relief, legal or equitable, and costs to which Plaintiff may be entitled, or any other relief that this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff respectfully requests a trial by jury pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure of any and all issues triable of right by a jury.

DATED: July 7, 2008

    */s/ David Aker*_____
David Aker, SDNY Bar Code: DA5506
Attorney at Law
23 Southern Road, Hartsdale, NY 10530
Tel: (914) 674-1094, Fax: (914) 674-1094
E-mail: daveaker@optonline.net
Attorney for Plaintiff
General Product International Ltd

CERTIFICATE OF SERVICE

I certify that on this 7th day of July, 2008, a true and correct copy of the foregoing:

**ANSWER OF PLAINTIFF GENERAL PRODUCT INTERNATIONAL, LTD. TO COUNTERCLAIMS OF DEFENDANTS VARIMPO USA, VARIMPO PRODUCTS, INC. AND KENNETH ROTUNDO**

was served via the Court's electronic filing system upon the following:

Thomas E. Zemaitis (TZ 7168)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4361
Fax: (215) 981-4750

And with copies by e-mail to:
Thomas E. Zemaitis (TZ 7168)
And Of Counsel:
James M. Singer
Anne M. Shyjan
PEPPER HAMILTON LLP
Philadelphia, PA 19103
Telephone: (215) 981-4361

*/s/ David Aker*